PEOPLE v McGEE

Docket No. 279127. Submitted September 3, 2008, at Lansing. Decided
    September 16, 2008, at 9:10 a.m.
        A Wayne Circuit Court jury convicted Anthony McGee of carjacking
        and assault with intent to rob while armed. The court, Craig S.
        Strong, J., sentenced the defendant to concurrent prison terms of
        5 to 20 years. The defendant appealed.
            The Court of Appeals *held*:
            1. The defendant's convictions—which stemmed from a single
        incident in which the defendant brandished a handgun, told a car's
        occupant to get out of the car, and drove the car away—are not
        violative of federal and state constitutional protections against double
        jeopardy. Judicial examination of the scope of double jeopardy protec-
        tions under the federal and state constitutions is confined to a
        determination of legislative intent. It is clear from the respective
        elements of the two offenses involved in this case that the Legislature
        intended to separately punish a defendant convicted of carjacking
        and assault with intent to rob while armed, even if the defendant
        committed the offenses in the same criminal transaction.
            2. The defendant is not entitled to resentencing on the basis of
        a claimed misscoring of prior record variable 6, because the
        recommended minimum-sentence range would not change with a
        correct score.
            Affirmed.

CRIMINAL LAW — DOUBLE JEOPARDY — CARJACKING — ASSAULT WITH INTENT TO
    ROB WHILE ARMED.

        Convictions of both carjacking and assault with intent to rob while
        armed arising from one transaction are not violative of double
        jeopardy protections (US Const, Am V; Const 1963, art 1, § 15;
        MCL 750.89, 750.529a[1]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *Kym L. Worthy*, Prosecuting Attorney,
*Timothy A. Baughman*, Chief of Research, Training, and
Appeals, and *Carolyn M. Breen*, Assistant Prosecuting
Attorney, for the people.

*Mark R. Hall* for the defendant.

Before: WHITBECK, P.J., and BANDSTRA and DONOFRIO, JJ.

PER CURIAM. Defendant Anthony McGee appeals as of right his jury conviction of carjacking[1] and assault with the intent to rob while armed.[2] The trial court sentenced McGee to concurrent terms of 5 to 20 years' imprisonment. We affirm. We decide this appeal without oral argument.[3]

### I. BASIC FACTS

On March 5, 2007, at approximately 4:00 or 4:30 p.m., Roscoe Anderson was repairing a car in the parking lot of the apartment complex where he resided when McGee walked into the parking lot. McGee asked Anderson for a cigarette, and Anderson got into his vehicle to look for a cigarette in his coat pocket. McGee then reached into his coat, brandished a handgun, and told Anderson to "step out" of the car. Anderson felt surprised and threatened, and he complied with McGee's request. McGee got into the car and drove to the end of the parking lot where he picked up his girlfriend and then left the scene. McGee and his girlfriend turned themselves in to the police several days later.

### II. DOUBLE JEOPARDY

#### A. STANDARD OF REVIEW

McGee argues that his convictions of both carjacking and assault with the intent to rob while armed violate

---

[1] MCL 750.529a(1).

[2] MCL 750.89.

[3] MCR 7.214(E).

the double jeopardy clauses of the state[4] and federal constitutions.[5] Because McGee raises these double jeopardy challenges for the first time on appeal, they are not preserved for appellate review.[6] However, a double jeopardy issue presents a significant constitutional question that will be considered on appeal regardless of whether the defendant raised it before the trial court.[7] We review an unpreserved claim that a defendant's double jeopardy rights have been violated for plain error that affected the defendant's substantial rights, that is, the error affected the outcome of the lower court proceedings.[8] Reversal is appropriate only if the plain error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings.[9]

### B. ANALYSIS

Both the United States and the Michigan constitutions protect a defendant from being placed twice in jeopardy, or subject to multiple punishments, for the same offense.[10] "Judicial examination of the scope of double jeopardy protection under both constitutions is confined to a determination of legislative intent."[11] And the validity of multiple punishments under the Michi-

---

[4] Const 1963, art 1, § 15.

[5] US Const, Am V.

[6] See *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005).

[7] *People v Colon*, 250 Mich App 59, 62; 644 NW2d 790 (2002).

[8] *Meshell, supra* at 628.

[9] *Id.*

[10] US Const, Am V; Const 1963, art 1, § 15; *People v Smith*, 478 Mich 292, 299; 733 NW2d 351 (2007).

[11] *People v Parker*, 230 Mich App 337, 342; 584 NW2d 336 (1998).

gan Constitution is determined under the federal *Block-burger*[12] "same elements" standard.[13] If the Legislature clearly intended to impose multiple punishments, the imposition of multiple sentences is permissible regardless of whether the offenses have the same elements, but if the Legislature has not clearly expressed its intent, multiple offenses may be punished if each offense has an element that the other does not.[14] In other words, the test "emphasizes the elements of the two crimes."[15] " 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . .' "[16]

In *People v Parker*, the defendant challenged his convictions of carjacking and armed robbery arising out of the same incident, arguing that these convictions violated his federal and state constitutional protections against double jeopardy.[17] The Court disagreed and affirmed his convictions, stating that the "[d]efendant's carjacking conviction stems from the taking of the automobile at gunpoint, whereas [the] defendant's armed robbery conviction stems from the subsequent taking of the victim's wallet and money at gunpoint."[18] On the basis of this stated rationale, McGee argues that his case is factually distinct from *Parker* because he stole only the car instead of also stealing the victim's

---

[12] *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

[13] *Smith, supra*; see also *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008).

[14] *Smith, supra* at 315-316.

[15] *Brown v Ohio*, 432 US 161, 166; 97 S Ct 2221; 53 L Ed 2d 187 (1977).

[16] *Id.*, quoting *Iannelli v United States*, 420 US 770, 785 n 17; 95 S Ct 1284; 43 L Ed 2d 616 (1975).

[17] *Parker, supra* at 341-342.

[18] *Id.* at 342.

personal property. In other words, McGee argues that, because the targeted property was only the car itself, both of his convictions are supported by entirely the same evidence and, thus, are violative of the double jeopardy protections. We disagree.

In *Parker*, the Court differentiated the elements of the two crimes, stating, "It is clear from the language of the carjacking statute that the Legislature intended to prohibit takings accomplished with force or the mere threat of force. In contrast, it is clear from the language of the armed robbery statute that the Legislature intended to prohibit takings accomplished by an assault and the wielding of a dangerous weapon."[19] Here, although the jury convicted McGee of assault with intent to rob while armed, rather than armed robbery, as in *Parker*, the same logic applies.[20] The carjacking statute has no requirement that a weapon be used.[21] In contrast, the assault with the intent to rob while armed statute does have as a requirement the use of a

---

[19] *Id.* at 343.

[20] In several unpublished opinions, this Court has rejected double jeopardy challenges to convictions of assault with intent to rob while armed and carjacking or attempted carjacking. *People v Lollio*, unpublished opinion per curiam of the Court of Appeals, issued October 21, 2003 (Docket No. 241431); *People v Copeland*, unpublished opinion per curiam of the Court of Appeals, issued June 13, 2000 (Docket No. 212275); *People v Stevens*, unpublished opinion per curiam of the Court of Appeals, issued July 2, 1999 (Docket No. 207989). Although those cases are not precedentially binding, MCR 7.215(C)(1), their analyses are sound.

[21] MCL 750.529a(1) states:

A person who in the course of committing a larceny of a motor vehicle *uses force or violence or the threat of force or violence, or who puts in fear* any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years. [Emphasis added.]

weapon.[22] Also, the assault with the intent to rob while armed statute does not require the larceny of a motor vehicle, as does the carjacking statute. While there may indeed be substantial overlap between the proofs offered by the prosecution to establish the crimes, the prosecution must nevertheless prove different elements under these statutory provisions. Moreover, the Legislature specifically authorized two separate convictions arising out of the same transaction in the carjacking statute.[23] Therefore, it is clear that the Legislature intended to separately punish a defendant convicted of both carjacking and assault with the intent to rob while armed, even if the defendant committed the offenses in the same criminal transaction.[24] Accordingly, because the Legislature intended multiple punishments for these two different criminal actions, McGee's convictions do not violate his constitutional protections against double jeopardy.

### III. SENTENCING

McGee claims that he is entitled to resentencing because the trial court incorrectly scored 20 points for prior record variable (PRV) 6 as a result of his relation-

---

[22] MCL 750.89 states:

Any person, *being armed with a dangerous weapon*, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years. [Emphasis added.]

[23] MCL 750.529a(3) states: "A sentence imposed for a violation of this section may be imposed to run consecutively to any other sentence imposed for a conviction that arises out of the same transaction." See also *Parker, supra* at 343-344.

[24] See *Parker, supra* at 344-345.

ship with the juvenile system at the time of the instant offenses. However, we hold that, even assuming that the PRV was misscored, the error was harmless because the recommended minimum sentence range of the sentencing guidelines would not change. Therefore, McGee is not entitled to resentencing.[25]

Affirmed.

---

[25] See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).