# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF DEARBORN,

      Plaintiff-Appellee,

v

PATRICIA HUTCHINSON TURNER,

      Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 324372
Wayne Circuit Court
LC No. 14-002362-AR

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court order affirming her conviction of operating a motor vehicle while intoxicated ("OWI"), MCL 257.625(1)(c), and ordering her to pay $2,500 for costs of prosecution. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2013, defendant was stopped by a police officer in Dearborn, Michigan, for traveling above the speed limit and making multiple lane changes without signaling. After she admitted that she had consumed alcohol, the officer conducted field sobriety tests and administered a preliminary breath test ("PBT"). At the Dearborn police station, a DataMaster test, which detects the presence of alcohol, indicated that defendant's blood alcohol content was 0.19. Defendant was charged with OWI, with a blood alcohol content of 0.17 or greater, in violation of MCL 257.625(1)(c).

Before defendant's trial, the district court entertained multiple pretrial motions. However, most relevant to the issues raised on appeal, the parties stipulated that all evidence related to the PBT was inadmissible.

---

[1] *People of the City of Dearborn v Turner*, unpublished order of the Court of Appeals, entered April 9, 2015 (Docket No. 324372).

-1-

During the jury trial, a video from the arresting officer's in-car camera was admitted as evidence. Before playing the video for the jury, the parties discussed the recording, after both parties, as well as a prosecution witness, had an opportunity to review the edited video. The prosecution noted for the record that it had edited out 40 to 45 seconds of the video footage, which had showed defendant taking the PBT. Likewise, the district court noted that the parties had discussed the editing of the video on the record, and stated its belief that the parties had indicated that the video "was fine." Defense counsel responded, "That is fine." Subsequently, the edited video was played for the jury.

Defense counsel then moved for a mistrial. He asserted that it was clear to the jury that the officer's statements in the video—which included a comment that defendant "had more than two drinks"—revealed an opinion that he formed based on a PBT which should not have been played for the jury. Likewise, defense counsel argued that it is obvious that the officer's opinion of defendant shifted after the edited portion of the video, which could lead jurors to speculate that a PBT was administered. Accordingly, defense counsel argued that defendant was entitled to a mistrial on the basis of prosecutorial misconduct.

The prosecution contended that there were no grounds for a mistrial, as the officer's comment did not reveal that defendant had taken a PBT. Rather, the officer could have made such a determination based on the smell of intoxicants and his observations of defendant's behavior. Additionally, the prosecution asserted that only references to the PBT and defendant's submission to the PBT were inadmissible, such that all inadmissible evidence had been edited out of the video.

In response, defense counsel argued that the prosecution's retention of the officer's comment had been intentional. Additionally, he contended that he had "accepted [the prosecutor's] representation that she excluded everything that had to do with the preliminary breath test," as he did not have an opportunity to review the edited video because he was only given 10 minutes to watch the recording during the break.

The district court granted defendant's motion for a mistrial, finding that the final edit of the video was unfair to defendant. It reasoned that the jury could question the officer's sudden change in opinion, and that defendant would be unable to conduct a full cross-examination of the officer regarding this change without impermissibly opening the door to the excluded results of the PBT. The district court further found that there was no indication that the prosecution had intended to commit an act of misconduct.

Defendant was retried, convicted of OWI, and sentenced to one day in jail, with time served, and 12 months of probation. Subsequently, defendant filed an appeal in Wayne Circuit Court, raising a double jeopardy claim. She argued that the prosecutor goaded defense counsel into moving for a mistrial through intentional misconduct involving the video. Consequently, she contended that the second trial was precluded by double jeopardy. The circuit court found that the prosecutor did not goad defendant into moving for a mistrial, and that "defendant was all too happy to have a mistrial because of the absence of her expert for the time of [the first] trial." Thus, it held that the second trial did not violate double jeopardy protection. The circuit court ordered defendant to pay for the costs of prosecution, assessing costs for 10 hours at a rate of $250 an hour. In addition, the court stated that "the appeal in totality was frivolous."

## II. DOUBLE JEOPARDY

Defendant first argues that the retrial violated her constitutional right against double jeopardy because the prosecution's misconduct was intended to goad her into moving for a mistrial. We disagree.

## A. STANDARD OF REVIEW

Because defendant did not assert a double jeopardy violation below,[2] this issue is unpreserved. See *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005); see also *People v Ackah-Essien*, 311 Mich App 13, ___; ___ NW2d ___ (2015) (Docket No. 317411); slip op at 8. However, "a double jeopardy issue presents a significant constitutional question that will be considered on appeal regardless of whether the defendant raised it before the trial court." *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008).

This Court reviews an "unpreserved claim[] that a defendant's double jeopardy rights have been violated for plain error." *Meshell*, 265 Mich App at 628.

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Id.* (quotation marks omitted), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).]

"Reversal is appropriate only if the plain error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

To the extent that defendant's double jeopardy claim is based on the trial court's findings of fact, including a determination regarding "whether the prosecutor intended to goad the defendant into moving for a mistrial," we review such findings for clear error. *People v Dawson*, 431 Mich 234, 258; 427 NW2d 886 (1988). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Mullen*, 282 Mich App 14, 22; 762 NW2d 170 (2008).

## B. ANALYSIS

Both the United States and Michigan Constitutions protect a defendant "from being twice placed in jeopardy for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004), citing US Const, Am V; Const 1963, art 1, §15. This protection encompasses successive prosecutions for the same offense and multiple punishments for the same offense. *Id*. at 574-

---

[2] Defendant only contended that a mistrial was necessary and, in the context of that argument, that the prosecution's failure to edit out the officer's statement was intentional.

575. Retrial following a mistrial "is permissible under double jeopardy principles where manifest necessity required the mistrial or the defendant consented to the mistrial and the mistrial was caused by innocent conduct on the part of the prosecutor or judge, or by factors beyond their control." *People v Echavarria*, 233 Mich App 356, 363; 592 NW2d 737 (1999). Likewise, "where a defendant requests or consents to a mistrial, retrial is not barred unless the prosecutor has engaged in conduct intended to provoke or 'goad' the mistrial request." *People v Lett*, 466 Mich 206, 215; 644 NW2d 743 (2002); see also *Dawson*, 431 Mich at 236, 257 (adopting the federal standard), citing *Oregon v Kennedy*, 456 US 667; 102 S Ct 2083; 72 L Ed 2d 416 (1982). In determining the prosecution's intent, the trial court should rely on "the objective facts and circumstances of the particular case." *Dawson*, 431 Mich at 257. As stated *supra*, its findings will not be disturbed on appeal unless clearly erroneous. *Id*. at 258.

Defendant's claim that the prosecution goaded the defense into moving for a mistrial by intentionally retaining the officer's statements immediately following the PBT is completely unsupported by the record. As such, the trial court's finding that the prosecution's conduct was not intentional was not clearly erroneous. See *Dawson*, 431 Mich at 258. It is undisputed that all direct references to the PBT and the administration of the PBT were removed from the video. The officer's comments, in particular the belief that defendant had consumed more than two drinks, did not directly refer to the PBT. Although the statements could have suggested to the jury that the officer had special knowledge of defendant's blood alcohol content from a PBT, the fact that these comments were retained in the video does not demonstrate that the prosecution acted with the intent to provoke defendant to move for a mistrial. At most, the failure to edit the comments was negligent. "Where a mistrial results from apparently innocent or even negligent prosecutorial error . . . the public interest in allowing a retrial outweighs the double jeopardy bar." *Id*. at 257 (footnote omitted).

This conclusion is further supported by the fact that defense counsel was afforded the opportunity to view the original and redacted video footage before it was played for the jury. Although defense counsel argued that the court failed to provide enough time for review, he did not request additional time. Further, before the jury viewed the video, defense counsel affirmed the trial court's statement that the parties had discussed and approved the 40 to 45 seconds of video that were removed by the prosecution.[3]

Furthermore, defendant's argument that the prosecution sought a mistrial because it did not have a rebuttal witness to counter the testimony of defendant's expert witness is unfounded.

---

[3] Given defense counsel's unequivocal approval of the edited video footage on the record, defendant has arguably waived review of any error arising from the prosecution's allegedly intentional failure to remove the police officer's statement from the video. See *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000) (stating that affirmatively approving a trial court's decision waives review of the issue on appeal). "Counsel may not harbor error as an appellate parachute," *id*. at 214, and defendant's argument, based on the prosecution's failure to remove a segment from a video that defense counsel expressly approved, appears strikingly akin to a harboring of error, especially given the unpreserved nature of defendant's double jeopardy claim.

The record indicates that it was defendant who benefited from the delay and retrial because the defense was able to present an expert witness who had been unavailable to testify at the first trial. Likewise, contrary to defendant's claims, the prosecutor's statements on the record clearly indicate that the prosecution opposed the mistrial, thereby undermining defendant's claim that the prosecution intended to procure a mistrial. See *Dawson*, 431 Mich at 254, quoting *Kennedy*, 456 US at 679-680. Moreover, the rest of defendant's claims on appeal regarding the prosecutor's intent are speculative and not based on objective facts in the record. See *Dawson*, 431 Mich at 257.

Thus, both the district court and the circuit court properly concluded that retrial was not barred on double jeopardy grounds. See *id*. at 236.

### III. COSTS IMPOSED ON APPEAL

Next, defendant argues that the circuit court erred in requiring her to pay $2,500 in prosecution costs. We agree.

### A. STANDARD OF REVIEW

Because defendant failed to preserve this issue below, we review her claim for plain error affecting substantial rights. *Carines*, 460 Mich at 763-764. We review *de novo* a lower court's interpretation and application of statutes and court rules. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

### B. ANALYSIS

"The right of the court to impose costs in a criminal case is statutory. Thus, courts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014), superseded by statute on other grounds as stated in *People v Konopka*, 309 Mich App 345; 869 NW2d 651 (2015).[4] Here, the circuit court ordered defendant to pay costs "under the statute that allows for costs of prosecution in a drunk driving case." We presume that the circuit court was referring to MCL 257.625(13), which allows a court to "order [a defendant] to pay the costs of the prosecution" in cases involving the operation of a motor vehicle while intoxicated. Defendant argues that the provision does not authorize an *appellate* court to impose costs.

---

[4] We note that *Konopka* is not implicated in this case because MCL 769.1k, the statute at issue in *Cunningham* and *Konopka*, is not applicable to the imposition of costs on appeal. See MCL 769.1k(1) ("If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply *at the time of the sentencing* or *at the time entry of judgment of guilt is deferred* pursuant to statute or *sentencing is delayed* pursuant to statute[.]"). For the same reasons, we reject the prosecution's reliance on MCL 769.1k(1)(b)(*ii*) in its brief on appeal.

The Michigan Supreme Court summarized the rules of statutory construction in *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003):

> When construing a statute, our primary goal is to ascertain and give effect to the intent of the Legislature. To do so, we begin by examining the language of the statute. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and the statute is enforced as written. Stated differently, a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [Quotation marks, citations, and footnotes omitted.]

In full, MCL 257.625(13) provides: "In addition to imposing the sanctions prescribed under this section, the court may order the person to pay the costs of the prosecution under the code of criminal procedure, 1927 PA 175, MCL 760.1 to 777.69." The plain language of this authorizing provision includes no indication that an appellate court is authorized to order a defendant to pay the costs of prosecution on appeal. Further, the statutory language states that a court may order the costs of prosecution "*in addition* to imposing the sanctions prescribed under this section." (Emphasis added.) This is significant because it is clear that all of the other sanctions prescribed in MCL 257.625 may be imposed during the sentencing of offenders under the statute. Further, the plain language of the statute indicates that costs imposed pursuant to MCL 257.625(13) are subject to the code of criminal procedure, MCL 760.1 through 777.69, and we have found no provision that allows an appellate court to order a defendant to pay the costs of prosecution. Rather, as defendant notes on appeal, MCL 769.1f provides, in relevant part:

> (1) *As part of the sentence for a conviction of any of the following offenses*, in addition to any other penalty authorized by law, the court may order the person convicted to reimburse the state or a local unit of government for expenses incurred in relation to that incident including but not limited to expenses for an emergency response and *expenses for prosecuting the person,* as provided in this section:
>
> (a) A violation or attempted violation of section . . . 625(1), (3), (4), (5), (6), or (7) . . . of the Michigan vehicle code, . . . MCL . . . 257.625 . . . .

In reading these statutes together, we conclude that the sentencing court is the court authorized to order costs of prosecution under MCL 257.625(13), but there is no provision allowing a circuit court to impose the costs of an appeal. Thus, given the clear and unambiguous language of MCL 257.615(13), which we must enforce as written, see *Phillips*, 469 Mich at 395, the circuit court erred in ordering defendant to pay the costs for a matter on appeal.

Defendant further asserts that the circuit court improperly imposed costs as a sanction for filing a frivolous appeal. Although the circuit court determined that defendant's appeal was frivolous, it did not indicate that it was ordering defendant to pay costs based on this finding. Nevertheless, it could be inferred from the circuit court's holding that the frivolous nature of defendant's appeal was an alternative basis for its imposition of costs. Thus, we will consider

whether the circuit court was, in the alternative, permitted to order defendant to pay costs on this basis.

If the circuit court intended to impose costs on the basis of frivolousness, we assume from its language that it intended to do so pursuant to MCR 2.625, which provides, "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was *frivolous*, costs shall be awarded *as provided by MCL 600.2591*." (Emphasis added.) However, assuming that the circuit court was relying on this court rule, imposition of costs was improper because MCL 600.2591 only applies to civil cases, and the prosecution did not move for the imposition of costs.

Alternatively, the circuit court may have intended to rely on MCR 7.112 and MCR 7.216(C)(1)(a) in imposing the costs, which permit the imposition of sanctions in an appeal that "was *vexatious* because . . . the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." (Emphasis added.) See also *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 181; 761 NW2d 784 (2008). Even if we assume, without deciding, that the circuit court was permitted to impose costs under MCR 7.216(C)(1)(a) in an appeal as of right from a conviction in the district court, an imposition of costs under this court rule was unjustified in this case.

Although we have concluded that defendant's double jeopardy claim lacked merit, defendant's appeal was not "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a). Defendant had a right to appeal her conviction, MCR 7.103(A)(1), and our review of the record confirms that defendant articulated multiple reasons, based on the district court record, for her position that double jeopardy barred retrial.[5] Moreover, as stated *supra*, "a double jeopardy issue presents a significant constitutional question that will be considered on appeal regardless of whether the defendant raised it before the trial court." *McGee*, 280 Mich App at 682. Therefore, if the circuit court imposed costs pursuant to MCR 7.216(C), such an order constituted plain error.

Thus, the circuit court plainly erred in imposing costs of $2,500. Because this error prejudiced defendant by affecting the outcome of the lower court proceedings, see *Carines*, 460 Mich at 763-764, we vacate the circuit court's imposition of costs.

IV. CONCLUSION

Defendant's retrial was not barred on double jeopardy grounds. However, the circuit court plainly erred in ordering defendant to pay costs of prosecution. Thus, we vacate the circuit court's order to the extent that it ordered defendant to pay such costs, but affirm in all other respects.

---

[5] Even if the circuit court was permitted to impose costs pursuant to MCR 2.625, we would conclude that defendant's claim was not frivolous for the same reasons. See MCL 600.2591(3)(a); *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002).

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola