# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v

OWEN CARL HINDS,

     Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325429
Berrien Circuit Court
LC No. 2014-003505-FH

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant appeals his three jury trial convictions of resisting and obstructing a police officer, MCL 750.81d(1). For the reasons provided below, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant claims that there was insufficient evidence to prove that he knew or had reason to know that the three officers, whose instructions he did not follow, were performing their lawful duties. We disagree. This Court reviews sufficiency of the evidence claims de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001) "[A] reviewing court 'must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt.'" *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992), quoting *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). The Court "must view the evidence in the light most favorable to the prosecution," *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012), and "should not interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses," *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000). Additionally, any factual conflicts are to be resolved in favor of the prosecution. *Wolfe*, 440 Mich at 515.

Defendant was convicted of violating MCL 750.81d(1), which provides:

[An] individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual *knows or has reason to know* is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both. [Emphasis added.]

-1-

The phrase "has reason to know" "requires the fact-finder to engage in an analysis to determine whether the facts and circumstances of the case indicate that when resisting [or obstructing], [the] defendant had 'reasonable cause to believe' the person he was assaulting [or obstructing] was performing his or her duties." *People v Nichols*, 262 Mich App 408, 414; 686 NW2d 502 (2004).

Defendant does not dispute that he, in fact, resisted the officers. Instead, his argument focuses on his assertion that he did so but did not know that the officers were, indeed, officers.[1] In this case, evidence was presented that Officer Jerol Williams was in full police uniform near a fully marked patrol vehicle when he ordered defendant to stop. There was also evidence that Officer Williams verbally identified himself as police when he yelled, "Stop." Officer Josh Allen verbally identified himself as police, and he also was standing near a fully marked patrol vehicle in full uniform when defendant was first ordered to stop. Sergeant William Althouse was driving a fully marked patrol vehicle with activated lights, while wearing a full uniform, when he ordered defendant to stop two different times. Viewing the evidence in a light most favorable to the prosecution, there is indeed more than sufficient evidence to justify a rational trier of fact to find beyond a reasonable doubt that defendant had reasonable cause to believe that the people he was obstructing were performing their duties as police officers.

While defendant testified that he did not see or hear the officers because he was running from who he thought to be the men who previously attacked him, the jury necessarily rejected defendant's testimony when it convicted him. Defendant's claim that the evidence was insufficient for the jury to find that defendant had the requisite knowledge comes down to a credibility determination, and to credit defendant's version of events would be tantamount to viewing the evidence in a light most favorable to defendant, which is contrary to the standard of review. *Kloosterman*, 296 Mich App at 639. This Court will not interfere with the jury's role in determining defendant's credibility. *Lee*, 243 Mich App at 167.

## II. DOUBLE JEOPARDY

Defendant argues that double jeopardy barred defendant from being charged three separate times for the same offense. Because defendant never raised this issue at the trial court, we review this unpreserved constitutional claim for plain error affecting his substantial rights. *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008). "To avoid forfeiture under

---

[1] Defendant claims that prior to his encounter with the police, he was attacked by other individuals and that because he was pepper-sprayed during that initial attack, his ability to sense his surroundings, i.e., notice that the officers were police officers, was impaired. Defendant uses the term "self-defense" to describe why he evaded the police officers, but that would not be accurate in this instance, as defendant merely attempted to evade the police, not attack them. See *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (providing that self-defense involves the exercise of force against an attacker to prevent harm). Moreover, defendant never raised the issue of self-defense at the trial court. Thus, the prosecution was not required to disprove such a theory beyond a reasonable doubt. *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993).

the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Both the United States and the Michigan constitutions protect a defendant from being placed twice in jeopardy, or subject to multiple punishments, for the same offense." *McGee*, 280 Mich App at 682. However, "double jeopardy does not apply to crimes committed against different victims, even if the crimes occurred during the same criminal transaction." *People v Hall*, 249 Mich App 262, 273; 643 NW2d 253 (2002). In this case, defendant was charged with resisting and obstructing three different officers. Defendant disregarded a different order to stop from each officer. Therefore, double jeopardy was not violated by defendant's convictions. Accordingly, defendant cannot demonstrate a clear of obvious error related to his double jeopardy argument. Furthermore, defendant's argument that his trial counsel was ineffective for failing to raise this issue of double jeopardy at the trial court is without merit, as counsel is not ineffective for failing to raise a futile objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## III. JURY INSTRUCTIONS

Defendant argues that the trial court erred in failing to instruct the jury on excuse or justification. If a defendant expressly approves of the trial court's instructions as given, the issue is waived on appeal. *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002), citing *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Express approval of the trial court's instruction "constitutes a waiver that *extinguishes* any error." *Carter*, 462 Mich at 215 (emphasis in the original). Here, defendant expressly approved of the given jury instructions twice. Therefore, this issue is waived, and there is no error to review. *Id*. at 215, 219.

Further, defendant's claim that his trial counsel was ineffective for failing to request such an instruction fails. Defendant has not provided any authority that supports his assertion that a general "excuse" instruction should have been given, or let alone exists, and our review of the law reveals no authority for his assertion.

## IV. SENTENCING ISSUES

Defendant raises several issues related to his sentence. However, defendant has already served his minimum sentence and has been released from prison,[2] and therefore we cannot afford him any meaningful relief on these issues. Accordingly, we deem the sentencing issues moot, and we decline to address them. *BP 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

---

[2] Defendant was released from his 14-month minimum sentences on March 1, 2016.

Affirmed.

/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola