# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DWAYNE MARTEZ MOORE,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332554
Wayne Circuit Court
LC No. 15-004716-01-FC

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Following a guilty plea, defendant was convicted of carjacking, MCL 750.529a, receiving and concealing a stolen vehicle (RCSV), MCL 750.535(7), carrying a concealed weapon, MCL 750.227, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and two counts of assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant to concurrent sentences of 96 to 240 months' imprisonment for carjacking, 24 to 60 months' imprisonment for RCSV, 24 to 60 months' imprisonment for carrying a concealed weapon, and 24 to 120 months' imprisonment for both counts of assault to do great bodily harm less than murder, all to be served consecutively to a term of 24 months' imprisonment for felony-firearm. Defendant appeals by leave granted.[1] We affirm.

On appeal, defendant argues that the trial court's imposition of sentences for defendant's convictions of carjacking and RCSV, offenses arising from the same conduct, was prohibited by the double jeopardy clauses of the United States and Michigan Constitutions. We disagree.

Defendant did not raise the issue of double jeopardy in the lower court, and this issue is therefore unpreserved. *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005). "This Court reviews unpreserved claims that a defendant's double jeopardy rights have been violated for plain error." *Id*.

---

[1] *People v Moore*, unpublished order of the Court of Appeals, entered June 1, 2016 (Docket No. 332554).

"The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004), citing US Const, Am V; 8 Const 1963, art 1, § 15. "The Double Jeopardy Clause[s] protect[] against multiple punishments for the same offense in order to protect the defendant from being sentenced to more punishment than the Legislature intended." *Meshell*, 265 Mich App at 628. Thus, "[j]udicial examination of the scope of double jeopardy protection under both constitutions is confined to a determination of legislative intent." *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008) (quotation marks and citation omitted). In the absence of clear legislative intent to impose multiple punishments, our courts apply the "same elements" test set forth in *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), and adopted by our Supreme Court in *People v Smith*, 478 Mich 292, 316; 733 NW2d 351 (2007). The *Blockburger* test provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or one, is whether each provision requires proof of a fact which the other does not." *Smith*, 478 Mich at 311, quoting *Blockburger*, 284 US at 304. However, in adopting the *Blockburger* test, the *Smith* Court made clear that "[w]here the Legislature does clearly intend to impose . . . multiple punishments, imposition of such sentences does not violate the Constitution, regardless of whether the offenses share the same elements." *Id.* at 316 (quotation marks and citation omitted).

Defendant was convicted of carjacking under MCL 750.529a and RCSV under MCL 750.535(7). In pertinent part, MCL 750.529a provides:

> (1) A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence . . . is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

> * * *

> (3) A sentence imposed for a violation of this section may be imposed to run consecutively to any other sentence imposed for a conviction that arises out of the same transaction.

Although MCL 750.529a provides no clear legislative authorization for the imposition of multiple punishments, we need not employ the *Blockburger* "same elements" test in this case because MCL 750.535(7) does provide such authorization. MCL 750.535(7) states, in pertinent part:

> A person shall not buy, receive, possess, conceal, or aid in the concealment of a stolen motor vehicle knowing, or having reason to know or reason to believe, that the motor vehicle is stolen . . . . *This subsection does not prohibit the person from being charged, convicted, or punished under any other applicable law.* [Emphasis added.]

MCL 750.535(7) clearly permits multiple punishments for crimes arising out of the prohibited conduct. Because the Legislature clearly intended to allow multiple punishments, the

trial court's imposition of sentences for defendant's carjacking and RCSV convictions did not violate defendant's right against double jeopardy. *McGee*, 280 Mich App at 683.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray