*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER LOUIS SINDONE,

Defendant-Appellant.

UNPUBLISHED
April 11, 2019

No. 340328
Wayne Circuit Court
LC No. 17-000304-01-FH

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur with the majority in all respects except the double-jeopardy issue. I conclude that one cannot commit second-degree arson, MCL 750.73(1), without also committing preparation to burn a dwelling, MCL 750.79(1)(d)(*vi*). Accordingly, I would hold that defendant's conviction for both of these offenses violates the Double Jeopardy Clause's protection against multiple punishments for the same offense.

"Both the United States and the Michigan constitutions protect a defendant from being placed twice in jeopardy, or subject to multiple punishments, for the same offense." *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008), citing US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). Because defendant's convictions arose "from the same conduct . . . , this case involves the multiple punishments strand of double jeopardy." *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015). "When legislative intent is not clear, Michigan courts apply the 'abstract legal elements' test articulated in [*People v Ream*, 481 Mich 223; 750 NW2d 536 (2008)] to ascertain whether the Legislature intended to classify two offenses as the 'same offense' for double jeopardy purposes." *Id*. at 19.

Under the abstract legal elements test, it is not a violation of double jeopardy to convict a defendant of multiple offenses if "each of the offenses for which

defendant was convicted has an element that the other does not . . . ." This means that, under the *Ream* test, two offenses will only be considered the "same offense" where it is impossible to commit the greater offense without also committing the lesser offense. [*Id*. (citation footnotes omitted).]

As provided in MCL 750.73(1), to convict a person of second-degree arson, the prosecution must prove that the defendant "willfully or maliciously burns, damages or destroys by fire or explosive a dwelling . . . ." To convict a person of preparation to burn a dwelling, it must be proven that the defendant 1) uses, arranges, places, devises, or distributes, 2) an inflammable, combustible, or explosive material, liquid, or substance or any device, 3) in or near a dwelling, 4) with the intent to commit arson in any degree. MCL 750.79(1)(d)(*vi*).

I agree with the majority that second-degree arson contains an element that preparation to burn a dwelling does not, i.e., that the defendant actually burned or damaged a dwelling by fire. However, preparation to burn a dwelling does not contain an element that second-degree arson lacks. My colleagues reason that second-degree arson, unlike preparation to burn a dwelling, does not "require[] the defendant to undertake any specific preparations for burning the dwelling." However, neither the prosecution nor the majority explain how it is possible to burn a building without taking some action to start the fire. Indeed, the word "burn" is defined in relevant part as "setting fire to, or doing any act that results in the [intentional] starting of a fire . . . ." MCL 750.71(b). One cannot set fire to a dwelling absent action constituting the offense of preparation to burn a dwelling. Because the elements of preparation to burn a dwelling are fully incorporated in the elements of second-degree arson, conviction for both offenses violates the double jeopardy protection against multiple punishments. Accordingly, I would vacate defendant's conviction for preparation to burn a dwelling as it is the lesser offense. See *People v Meshell*, 265 Mich App 616, 633-634; 696 NW2d 754 (2005).

/s/ Douglas B. Shapiro