# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD MICHAEL CARPENTER,

        Defendant-Appellant.

FOR PUBLICATION
January 9, 2018
9:10 a.m.

No. 335383
Iosco Circuit Court
LC No. 15-009390-FC

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

BOONSTRA, J.

Defendant pleaded guilty to armed robbery, MCL 750.529, breaking and entering a building with intent, MCL 750.110, and attempted possession of a firearm by a felon, MCL 750.224f. The trial court sentenced defendant to concurrent prison terms of 225 to 480 months for the armed robbery conviction, 60 to 120 months for the breaking and entering conviction, and 18 to 30 months for the attempted felon in possession conviction. Defendant filed a delayed application for leave to appeal with respect to his sentence for the armed robbery conviction only, which we granted.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant provided a factual basis for his pleas at his plea hearing, admitting that on December 16, 2014 he and his accomplice entered a Rite Aid Store located in the City of Oscoda with the intent to rob the store, that he brandished and pointed a knife at the clerk and demanded money from the cash register, and that the clerk handed him money. Defendant then fled the premises with the money. Defendant further testified that later that day, after the robbery at the Rite Aid, he broke into the Mai Tiki Resort with the intent to steal, taking various hand tools and an air compressor from a storage unit, placing them in his vehicle, and leaving the premises. Finally, defendant testified that on September 17, 2015 he attempted through text messages to buy a handgun from an undercover police officer. Defendant admitted that he knew that he was a felon and could not legally possess a handgun. Defendant went to the designated sale location

---

[1] *People v Chad Michael Carpenter*, unpublished order of the Court of Appeals, entered December 16, 2016 (Docket No. 335383).

-1-

with $200 in order to complete the sale, but was arrested by police officers for his attempted purchase of the handgun.

As part of defendant's plea bargain, defendant and the prosecution agreed that Offense Variable (OV) 19 (interference with the administration of justice) would be assessed zero points for the armed robbery and breaking and entering convictions. However, after the plea hearing but before sentencing, defendant attempted to smuggle controlled substances into jail, and when discovered, allegedly struck and injured another inmate whom defendant believed had informed jail authorities of his smuggling scheme. At sentencing, defendant recognized that the trial court could no longer assess zero points for OV 19, but argued that it should be assessed at 15 points because "the incident that was alleged to have occurred at the jail allegedly required medical attention, and did allegedly disrupt the criminal justice system or the pursuance of criminal justice." See MCL 777.49(b). The prosecution argued that OV 19 should be assessed at 25 points because the conduct "threatened the security of a penal institution or court." See MCL 777.49(a). The trial court assessed 25 points for OV 19.

Based on the OV 19 score and the other OV and Prior Record Variable ("PRV") scores that are not being challenged on appeal, defendant was subject to a guidelines minimum sentence range of 135 to 225 months. The trial court sentenced defendant to 225 months to 480 months, with credit for 334 days served.

After sentencing, defendant moved to correct his OV 19 score and for resentencing, claiming that the trial court had improperly assessed 25 points for OV 19 when it should have assessed zero points. Defendant argued that since OV 19 "only applies to the sentencing offense," and the charge of assault of an inmate had been dismissed and the controlled substance smuggling was not connected to the sentencing offense, OV 19 should have been assessed at zero points. With an OV 19 score of zero points, defendant's guidelines minimum sentence range would have changed to 126 months to 210 months. The prosecution argued that defendant's interference with the administration of justice was connected to the sentencing offense because "the reason he was in jail in the first place was because of the underlying armed robbery charge." The trial court denied defendant's motion, concluding that because defendant's conduct of smuggling drugs and allegedly assaulting an individual in jail "threatened the security of the penal institution, and [did so] while he was in there awaiting [sentencing,]" it was "connected enough." Further, the court noted that defendant's sentencing occurred after *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502, cert den __ US __ 136 S Ct 590; 193 L Ed 2d 487 (2015), that the advisory guidelines therefore only had to be taken into account, and that, given defendant's prior record and the seriousness of this offense, even if OV 19 were to be assessed at zero points, the sentence imposed was reasonable and resentencing would not be required.

This appeal followed. On appeal, defendant challenges the scoring of OV 19 at 25 points, as well as the reasonableness of his armed robbery sentence.

## II. OV 19

Defendant argues that the trial court erred by scoring 25 points for OV 19, because the alleged subsequent actions in jail were not connected to the sentencing offense. We disagree.

Defendant preserved this issue by moving the trial court for resentencing. See *People v Kimble*, 470 Mich 305, 311; 684 NW2d 669, 672 (2004). With regard to sentencing guidelines, we review for clear error a trial court's factual determinations; those factual determinations must be supported by a preponderance of the evidence. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340, 344 (2013). However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

"Offense Variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655, 664 (2009); citing *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008). The sentencing offense is defined as "the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. The calculation of an OV 19 score is governed by MCL 777.49, which provides:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court…………………………………………………….. 25 points
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services……………………………………………………. 15 points
>
> (c) The offender otherwise interfered with or attempted to interfere with the administration of justice………………………………………………….. 10 points
>
> (d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force…………… 0 points

"The aggravating factors considered in OV 19 contemplate events that almost always occur *after* the charged offense has been completed." *People v Smith*, 488 Mich 193, 200; 793 NW2d 666, 669 (2010). As stated in *Smith*,

> [i]t is axiomatic that every defendant charged with a felony must, at a minimum, enter a court in order to have his criminal charges resolved. And while not every criminal defendant is required to confront a penal institution in consequence of his felonious activity, by the time a defendant encounters *either* a courthouse or a penal institution, the sentencing offense has *long* been completed. The express consideration of these events explicitly indicates that postoffense conduct may be considered when scoring OV 19. [*Id*. (emphasis in original).]

We disagree with defendant's argument that his smuggling of controlled substances and assault of an inmate do not sufficiently relate to the underlying sentencing offense of armed robbery to justify the trial court's reference to those events when calculating defendant's OV 19 score. OV 19 explicitly contemplates post-offense conduct. *Id*. The underlying offense need not itself involve a court, jail, or correctional facility; in other words, the sentencing offense need not, itself, involve a threat to the security of a penal institution or court. *Id*. Rather, our Legislature has "specifically commanded that OV 19 be scored for *every* category of felony." *Id*. at 201. Defendant, by virtue of his plea to the sentencing offense, was in custody awaiting sentencing for those offenses when he threatened the security of the jail facility by attempting to bring controlled substances into it and by attacking another inmate. Defendant was thus in the "administration of justice" phase of the sentencing offense when his conduct threatened the security of a penal institution. See *id*. at 202 (noting that the administration of justice process "is not commenced until an underlying crime has occurred, which invokes the process."). The trial court did not err by determining that defendant's conduct at the jail should be considered in calculating his OV 19 score.

Further, defendant's conduct in attempting to smuggle drugs into the jail and assaulting another inmate who had informed the authorities of his conduct clearly threatened the security of a penal institution. The smuggling of controlled substances into a jail is certainly a threat to the security of a penal institution because of the dangers of controlled substances to the users and those around them. *People v Ward*, 483 Mich 1071, 1072; 765 NW2d 881, 881 (2009) (YOUNG, J., concurring), quoting MCL 777.49(a) ("It is hard to believe that anyone could sincerely dispute that the presence of illicit drugs 'threaten[s] the security of a penal institution.' "). And, even if an unrelated fight between inmates might be found insufficiently related to the security of the penal institution at large, defendant's *retaliatory* attack on an inmate who had informed on him definitely threatened the security of the jail by causing disruption within the jail and by potentially discouraging other inmates from coming forward about security breaches they might witness.

Finally, defendant's *Lockridge* argument is meritless because defendant was sentenced after *Lockridge* was issued and the trial court was fully aware of the advisory nature of the guidelines. See *Lockridge*, 498 Mich at 388-389, 392 n 20.

The trial court did not err by assessing 25 points for OV 19.

## III. REASONABLENESS OF SENTENCE

Defendant also argues that his sentence at the top of the recommended guidelines range for armed robbery was unreasonable. Because we conclude that defendant's sentence was not a departure, we disagree.

If the "defendant's sentence is calculated using a guidelines minimum sentence range in which OVs have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from the guidelines range." *Lockridge*, 498 Mich at 391-392. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392. However, if the defendant's sentence is within the recommended guidelines range,

resentencing is not required unless there is a scoring error that changes the guidelines range or the trial court relied on inaccurate information in sentencing the defendant. See *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006); *People v Sours*, 315 Mich App 346, 350; 890 NW2d 401 (2016).

As discussed, we hold that the trial court properly assessed 25 points for OV 19. Defendant has not challenged any other offense variables or otherwise presented evidence that the trial court relied on inaccurate information in sentencing him; rather, he merely argues that if fewer than 25 points were assessed for OV 19, his sentence then would be a departure from the guidelines, one that should be held to be unreasonable. Because defendant's sentence was within the recommended minimum sentencing guidelines range, he has not established his right to resentencing. See *Francisco*, 474 Mich at 89; *Sours*, 315 Mich App at 350.

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Stephen L. Borrello