# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 18, 2018

Plaintiff-Appellee,

v

No. 340307
St. Joseph Circuit Court
LC No. 15-020312-FH

MICHAEL ROBERT MILLER,

Defendant-Appellant.

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant, Michael Robert Miller, appeals by leave granted[1] his plea-based convictions of prison escape, MCL 750.193, and tampering with an electronic monitoring device, MCL 771.3f. The trial court sentenced Miller as a second-offense habitual offender, MCL 769.10, to prison terms of 2 to 7½ years for prison escape and 14 months to 3 years for tampering with an electronic monitoring device, to be served consecutively to the parole sentence being served at the time he committed the sentencing offenses. We affirm.

## I. BACKGROUND

Following a probation violation, Miller, a parolee and resident of the Twin County Community Probation Center, was ordered to comply with electronic monitoring requirements. Among other things, the requirements included abiding by an authorized curfew schedule and traveling only to approved destinations. One evening, after being informed that he was required to take a drug test, Miller fled the center after curfew. Miller entered a restroom, where he flipped over a trashcan, opened the window, and tampered with the window screen in order to leave. He then removed his electronic monitoring device and was not located for several days.

Once detained, Miller was charged, as a fourth-offense habitual offender, MCL 769.12, with prison escape and tampering with an electronic monitoring device. Miller initially waived his preliminary examination when the prosecution offered him an opportunity to enter a plea of

---

[1] *People v Miller*, unpublished order of the Court of Appeals, entered October 30, 2017 (Docket No. 340307).

guilty to tampering with an electronic monitoring device as a third-offense habitual offender, MCL 769.11, with dismissal of the escape charge. Before entering a plea, however, Miller requested a preliminary examination on the escape charge, despite the prosecution's warning to defense counsel that the offer would be revoked if Miller revoked his waiver. Following a preliminary examination on the escape charge and bindover on both charges, the prosecution made a less favorable plea offer, pursuant to which Miller pleaded guilty to both charges as a second-offense habitual offender.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, Miller first argues that he received ineffective assistance of counsel[2] in connection with the prosecution's original plea offer and Miller's revocation of his preliminary examination waiver. Specifically, Miller claims that he was prejudiced by counsel's failure to advise him that the prosecution's favorable plea offer would be revoked if he requested a preliminary examination. Miller claims that he would have accepted the favorable plea offer but for counsel's deficient performance and that he is, therefore, entitled to reinstatement of the original favorable plea offer. We disagree.

Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with a definite and firm conviction that a mistake has been made." *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008) (quotation marks and citation omitted).

A defendant claiming ineffective assistance of counsel must demonstrate that counsel's performance was below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the results would have been different. *People v Scott*, 275 Mich App 521, 526; 739 NW2d 702 (2007). "A claim of ineffective assistance of counsel may be based on counsel's failure to properly inform the defendant of the consequences of accepting or rejecting a plea offer." *People v Douglas*, 296 Mich App 186, 205; 817 NW2d 640 (2012), rev'd in part on other grounds 496 Mich 557 (2014). If ineffective assistance of counsel is established, the remedy must be tailored to the injury suffered. *Id*. at 209. In the context of a plea bargain, the appropriate remedy might require the prosecutor to reoffer the bargain. *Id*.

Miller argues that counsel's performance was deficient because he was not made aware that demanding a preliminary examination would result in the revocation of the plea deal. Objectively reasonable performance requires counsel to provide Miller with sufficient information "to make an informed and voluntary choice between trial and a guilty plea." *Id*. at 206 (quotation marks and citation omitted).

---

[2] At Miller's request, substitute counsel was appointed following the preliminary examination. All references to defense counsel within this opinion refer to Miller's first appointed attorney.

At a *Ginther*[3] hearing in this case, counsel testified that he conveyed the prosecutor's offer of pleading guilty to tampering with an electronic monitoring device as a third-offense habitual offender, with dismissal of the prison escape charge, no later than December 29, 2015, after which Miller signed a written waiver of his right to a preliminary examination. On January 5, 2016, counsel remitted a letter to Miller again documenting the plea offered by the prosecution. Between this time and a status conference held in April 2016, counsel continued to communicate with Miller and learned that Miller wanted to revoke his waiver of the preliminary examination as it related to the escape charge. Counsel testified that he was aware of the customary practice of the county prosecutor's office to revoke a plea offer upon revocation of a preliminary examination waiver, and that it was his standard procedure to advise all clients of this practice. Counsel further testified that he had no doubt that he had informed Miller, but that he did not memorialize this advice in writing. Counsel also noted that Miller's longstanding concern throughout the proceedings was that he did not want the escape charge to appear on the felony information, because this would affect his treatment at the Department of Corrections.[4]

In contrast, Miller testified that defense counsel told him at the time of his waiver that the prosecutor was willing to drop the escape charge because of "witness problems." Thus, when he first agreed to waive the preliminary examination, he was under the impression that he would be bound over on the tampering charge only, subject to sentence enhancement as a fourth-offense habitual offender. When counsel discussed the plea offer with Miller again in anticipation of the April status conference, it resulted in a "heated discussion" because Miller was under the impression that the escape charge had already been dismissed due to "witness problems," which counsel then denied. Miller testified that counsel informed him that he was free to request a remand to the district court for a preliminary examination, which he opted to do. However, Miller maintained that he was never advised that the prosecutor's plea offer would be revoked if a preliminary examination took place or that the prosecutor would no longer consider any plea deal that involved dismissal of the escape charge. Miller agreed that, from "day one," he did not want the escape charge to appear in his records and asserted that he would accept the original offer if it were reinstated.

In ruling on Miller's claim of ineffective assistance, the trial court noted the conflicting testimony as to whether Miller was advised that the prosecutor's offer to dismiss the escape charge would be revoked if he moved forward with a preliminary examination as to that charge. The trial court then reasoned that, assuming Miller had not been advised of the consequences of proceeding with the preliminary examination, Miller had still not demonstrated ineffective assistance of counsel because there was no reasonable probability that Miller would have accepted the plea in the absence of counsel's allegedly deficient performance. The trial court explained, "[Miller]'s been adamant that he did not feel that he committed an escape; that he was

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[4] At an earlier hearing, Miller stated that he was not aware until April that he had been bound over on the escape charge, and counsel clarified that "Miller did not want the escape on his file, even showing it dismissed; so he elected to have a preliminary examination on the belief that he would be bound over only on the tampering charge."

-3-

not going to plead with anything with the escape on it; and that he was not going to accept a plea that had the escape on the information." We agree.

To establish that he has been prejudiced in connection with the plea process, Miller must show that, but for the ineffective advice of counsel, "(1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn the plea offer in light of intervening circumstances; (3) the trial court would have accepted the defendant's plea under the terms of the bargain; and (4) the defendant's conviction or sentence under the terms of the plea would have been less severe than the conviction or sentence that was actually imposed." *People v Walker*, 497 Mich 894, 895 (2014), citing *Lafler v Cooper*, 566 US 156; 132 S Ct 1376; 182 L Ed 2d 398 (2012). Miller advised the court that he was not initially prepared to waive the preliminary examination in December because "the escape was on there and I didn't agree with it." However, he signed the waiver, which indicated that he would be bound over on *all* charges, on December 29, 2015, after he was advised that the prosecutor would "drop" the escape charge. Counsel's January 5, 2016 letter reiterated the plea offer involving dismissal of the escape charge, and Miller opted to seek a remand for a preliminary examination based on his concern that the Department of Corrections would still "classify [him] with an escape." On this record, we agree that Miller cannot demonstrate prejudice arising from counsel's performance. Miller himself indicated that it was not until he believed that the escape charge was "dropped" from the information that he agreed to waive his preliminary examination and that he chose to revoke his waiver upon learning that the escape charge remained on the felony information. Given Miller's acknowledged goal of avoiding being bound over on the escape charge, there is no reason to believe he would have accepted the more favorable plea offer—which would still reflect that an escape offense had been charged and dismissed—in lieu of proceeding with a preliminary examination.

## III. SENTENCING GUIDELINES

Next, Miller claims that the trial court improperly assessed 25 points for offense variable (OV) 19. We disagree. Because Miller did not preserve this issue by raising it at sentencing, in a motion for resentencing, or in a motion to remand, we review for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Anderson*, 322 Mich App at 634-635 (quotation marks and citation omitted). Reversal is warranted only when such error seriously affected the fairness, integrity, or public reputation of judicial proceedings, or resulted in the conviction of an innocent defendant. *Kimble*, 470 Mich at 312-313.

MCL 777.49(a) directs trial courts to assess 25 points under OV 19 if the defendant "by his or her conduct threatened the security of a penal institution or court." "The underlying offense need not itself, involve a court, jail, or correctional facility; in other words, the sentencing offense need not, itself, involve a threat to the security of a penal institution or court." *People v Carpenter*, 322 Mich App 523, 530; 912 NW2d 579 (2018).

We first note that appellate review of this issue was waived when defense counsel stated that she had no objections to the scoring of the guidelines after the trial court indicated that it

intended to assess 25 points for OV 19. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (describing waiver as an "intentional relinquishment or abandonment of a known right" and explaining that waiver "extinguishe[s] any error") (quotation marks and citation omitted). Even if this issue had not been waived, we discern no error in the trial court's scoring of OV 19. In the process of fleeing the center, Miller left the trash can flipped over and the window open, and he tampered with the window screen. These actions caused a disruption and created a possible threat to the institution in that others might also flee through the opening he left. See, e.g., *Carpenter*, 322 Mich App at 530-531. Furthermore, we disagree with Miller's reliance upon *People v Hershey*, 303 Mich App 330; 844 NW2d 127 (2013). In *Hershey*, this Court considered OV 19 in the context of assessing 10 points because the defendant, a probationer, interfered with the administration of justice. *Id*. at 342. The *Hershey* Court concluded that 10 points should not have been assessed based upon the defendant's failure to report to his supervising agent and his contact with his daughter, contrary to the terms of his probation, because the trial court had already entered judgment in the underlying case and the defendant's actions did not hinder the process of administering that judgment. *Id*. at 345. *Hershey* is inapposite to the issue before us because the trial court scored OV 19 on the basis of threatening the security of a penal institution, rather than interfering with the administration of justice.

Moreover, in reaching its decision, the *Hershey* Court noted the absence of "caselaw indicating that an offender's probation violation itself (*as opposed to the underlying conduct*) constitutes interference with the administration of justice . . . ." *Id*. at 346 (emphasis added). This comment further distinguishes the instant case from *Hershey* because the trial court assessed 25 points for OV 19 based upon Miller's underlying conduct—that is, the manner in which he escaped from the probation center—rather than the fact that the escape violated the terms of Miller's parole. In sum, Miller has not demonstrated plain error affecting his substantial rights and he is not entitled to relief.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica