*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAVIER CANO-MONARREZ,

      Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 343547
Kent Circuit Court
LC No. 17-000001-FC

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant, Javier Cano-Monarrez, appeals as of right his sentence stemming from his jury trial conviction for three counts of assault with intent to murder, MCL 750.83. The jury found defendant guilty but mentally ill on all three counts. The trial court sentenced defendant to concurrent terms of 12 to 30 years' (144 to 360 months) imprisonment for each conviction. For the reasons set forth in this opinion, we affirm defendant's sentence.

## I. BRIEF BACKGROUND

Defendant is a diagnosed schizophrenic who previously managed his symptoms with medication. After losing his job in July 2016, defendant stopped taking his medication and was hospitalized in August 2016. On September 17, 2016, defendant intentionally struck three victims with his truck. The victims were Beatriz Mireles, Abigail Rubio-Calzada, and Rubio-Calzada's one-year-old son. The victims were walking across the street at an intersection when the truck drove through the intersection, struck all three, and kept going. Before the incident, defendant claimed that he would run over someone because he wanted to spend the rest of his life in jail instead of ending up homeless. At the time, Rubio-Calzada was eight months pregnant. As a result of defendant hitting her, Rubio-Calzada was forced to give birth prematurely.

Bystanders in the area pulled over their vehicles or arrived on foot to assist the three victims. One witness pursued defendant, got into a vehicular chase with him, and relayed defendant's license plate number to the police. Police tracked defendant to his home and made contact with him while filming their interactions with him. Defendant was very calm during this

-1-

interaction. Defendant claimed that he did not try to kill the three victims and only wished to go to prison to avoid becoming homeless. However, he made contradictory statements on this point, also claiming that he tried to kill the three victims.

A jury ultimately convicted defendant on three counts of assault with intent to murder. At sentencing, defendant's offense variable (OV) score was calculated at 126 points and defendant's prior record variable (PRV) was calculated at 20 points. Relevant to this appeal, the trial court assessed OV 4 at 10 points, OV 5 at 15 points, and OV 17 at five points. This placed defendant's sentencing guidelines range at 135 to 225 months. MCL 777.62.

## II. ANALYSIS

On appeal, defendant challenges the trial court's assessment of OV 4, OV 5, and OV 17. As to OV 4, defendant argues on appeal that the trial court incorrectly assessed OV 4 at 10 points, which requires a showing that the victims suffered serious psychological injury requiring professional treatment.

"A trial court's factual determinations under the sentencing guidelines must be supported by a preponderance of the evidence and are reviewed for clear error." *People v Wellman*, 320 Mich App 603, 605; 910 NW2d 304 (2017). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). A preponderance of the evidence is "such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "When calculating the sentencing guidelines, a court may consider all record evidence . . . ." *Wellman*, 320 Mich App at 608 (quotation marks and citation omitted).

MCL 777.34, 1998 PA 317, governs defendant's score for psychological injury to a victim and provides as follows:

(1) Offense variable 4 is psychological injury to a victim. Score offense variable 4 by determining which of the following apply and assigning the number of points attributable to the one that has the highest number of points:

(a) Serious psychological injury requiring professional treatment occurred to a victim ........................................................................................ 10 points

(b) No serious psychological injury requiring treatment occurred to a victim ........................................................................................ 0 points

(2) Score 10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive.[1]

Our Supreme Court has instructed that "a court cannot merely assume that a victim suffered a serious psychological injury solely because of the characteristics of the crime." *People v White*, 501 Mich 160, 165; 905 NW2d 228 (2017) (quotation marks omitted). The record must reflect an expression of psychological injury beyond fear felt during the crime itself. See *id*. at 165 n 3. Further, "serious" means "having important or dangerous possible consequences[.]" *Wellman*, 320 Mich App at 610 (extending the Michigan Supreme Court's analysis of OV 5 to analysis of OV 4) (quotations marks and citations omitted; alteration in original). See also *McChester*, 310 Mich App at 366, 367 (GLEICHER, J., concurring) (acknowledging that "every crime victim suffers emotional trauma," but suggesting that "[w]hether the mental and emotional trauma experienced by a victim meets [the OV 4] standard depends on the existence of evidence supporting a psychological injury other than the emotional upset accompanying the crime").

In response to defendant's argument that there is no evidence of psychological injury, the prosecution points to the trial testimony of the one-year-old victim's mother, Rubio-Calzada, who explained that her son cries when they go to doctor appointments and that he gets more upset when she goes because "he remembers the day of the accident." In addition, the victim impact statement of Rubio-Calzada described her son's difficulty understanding his mother's injuries after the incident when she was hospitalized. Rubio-Calzada explicitly testified that defendant's actions made "them have terrible nights, nightmares, and suffer so much pain for a year and six months." Finally, the prosecution points to testimony indicating that the child victim panics when a Band-Aid is applied to his skin, to his mother's claim that this was caused by his memory of the attack, and that despite his age he remembers the attack.[2] The prosecution argues that this testimony indicates that Parra-Rubio did experience psychological injury beyond the crime itself, an essential requirement for the assessment of OV 4.[3]

The record of the child victim's psychological injury is sparse and only consists of these statements from his mother. While recognizing that a trial court may consider all record evidence in assessing OVs, OV 17 must still be supported by a preponderance of the evidence. See *Wellman*, 320 Mich App at 608. Even considering the sum of the evidence presented in this case, the record is "essentially barren on the issue." *McChester*, 310 Mich App at 359 (opinion of the Court).

---

[1] MCL 777.34 was amended, effective March 28, 2019. See 2018 PA 652. However, the amendment is inapplicable to defendant's appeal.

[2] On the basis of the testimony at trial, the child victim would have been about 2 or 3 years old at the time of trial.

[3] On appeal, the prosecution has conceded that there is insufficient evidence with regard to the adult victims, and we agree.

Here, the prosecutor argues that a child victim's emotional reaction to going to a doctor's office is sufficient evidence. However, this argument fails to take into account that such reactions of young children are generally considered normal. As to the mother's testimony regarding the infant's memory of the crime, although it is possible that the child victim remembers the accident, and that he reacts this way to medical treatments because of the crime, there are many mundane explanations for this reaction. This is equally true for Rubio-Calzada's vague statements regarding the child victim possibly having nightmares since the event. As we stated in *McChester*, " . . . we would not be surprised if the victim had indeed suffered a serious psychological injury; however, the record is essentially barren on the issue and speculation cannot form the basis to affirm . . . " *Id.* at 359. As was found in *McChester*, here the sum of the evidence presented in this case does not rise to the level of a preponderance of the evidence. Therefore, we hold that the proper score for this OV was zero points.

Next, defendant argues on appeal that the trial court incorrectly assessed OV 5 at 15 points, which requires a showing that the victims' family members suffered serious psychological injury requiring professional treatment.

MCL 777.35 provides:

> (1) Offense variable 5 is psychological injury to a member of a victim's family. Score offense variable 5 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Serious psychological injury requiring professional treatment occurred to a victim's family ................................................................................. 15 points
>
> (b) No serious psychological injury requiring professional treatment occurred to a victim's family ................................................................. 0 points
>
> (2) Score 15 points if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive.

The prosecutor seemingly concedes, and we agree, that there was no evidence presented regarding psychological injury to any of the victims' family members in this case. A trial court "cannot merely assume that a victim has suffered a serious psychological injury solely because of the characteristics of the crime." *White*, 501 Mich at 165 (quotation marks omitted). Because there is no evidence present that family members of the victims' suffered psychological injury, we hold that the proper score for OV 5 is zero points.

Next, defendant argues on appeal that the trial court improperly assessed OV 17 at five points. While the trial court found that defendant was negligent despite his mental illness, the jury convicted defendant of a crime requiring intent.

MCL 777.47 provides:

(1) Offense variable 17 is degree of negligence exhibited. Score offense variable 17 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender showed a wanton or reckless disregard for the life or property of another person ................................................................... 10 points

(b) The offender failed to show the degree of care that a person of ordinary prudence in a similar situation would have shown ................................... 5 points

(c) The offender was not negligent ................................................ 0 points

(2) Do not score 10 points if points are given in offense variable 6.[4]

In addition, MCL 777.22(1) requires that a trial court assess points for OV 17 when a vehicle is involved and does not limit the trial court from applying OV 17 to specific intent crimes. Furthermore, although MCL 777.47(2) prohibits the trial court from scoring 10 points for OV 17 after having assessed points for OV 6, the statute does not prohibit the trial court from scoring five points. Therefore, by the plain language of the statute, defendant's specific intent crimes do not preclude him receiving five points under OV 17 so long as there is there is a preponderance of evidence of concurrent negligence apart from the sentencing conviction itself. While recognizing that our Supreme Court's ruling in *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009), requires that an OV only be scored on the basis of the sentencing offense, we do not find that the conduct on which the trial court based its scoring decision for OV 17 runs afoul of *McGraw* because that conduct occurred *while the offense* was ongoing. As previously stated, defendant committed this crime in an intersection where pedestrians and other vehicles were present, putting bystanders at risk. Because defendant's actions displayed a concurrent negligence apart from his sentencing convictions, the trial court did not clearly err in assessing five points under OV 17. Therefore, we affirm the trial court's scoring of OV 17.

Next, defendant argues on appeal that on the basis of these errors, we should remand to the trial court for resentencing because these errors would place defendant at a lower guidelines range. "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "[I]f a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon." *Id*. When an improperly scored OV results in an improperly calculated guidelines range, defendant is entitled to be resentenced. *People v Sours*, 315 Mich 346, 350; 890 NW2d 401 (2016). However, "[w]here a scoring error does not alter the appropriate guidelines range, resentencing is not required." *Francisco*, 474 Mich at 89 n 8.

---

[4] In this case, the trial court was precluded from assessing OV 17 at 10 points because it already assessed 50 points under OV 6 for defendant's "premeditated intent to kill." See MCL 777.36(1)(a).

Defendant's total PRV score is 20 points and is not challenged on appeal, placing defendant at PRV Level C (10 to 24 points). See MCL 777.62. Defendant's total OV score, as assessed by the trial court was 126 points, placing him in OV Level VI (100+ points). See *id*. And on the basis of that scoring, defendant's minimum sentencing guidelines range was 135 to 225 months. See *id*.; (see Sentencing Information Report). As stated earlier, the trial court sentenced defendant within that guidelines range to 12 to 30 years' (144 to 360 months) imprisonment.

Although we hold that OV 4 and OV 5 were improperly scored, the proper scoring of OV 17 leaves defendant's modified OV score at 101 points. This continues to place him at OV Level VI and the applicable sentencing guidelines range remains at original 135 months to 225 months. "Because defendant's sentence [is] within the recommended minimum sentencing guidelines range, he has not established his right to resentencing." *People v Carpenter*, 322 Mich App 523, 532; 912 NW2d 579 (2018).

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello