*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARRELL LAMAR JONES,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2019

No. 343621
Kent Circuit Court
LC No. 17-004787-FC

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

SWARTZLE, P.J. (*dissenting*).

I respectfully dissent. As I see it, this is a "standards-driven" appeal. If defense counsel had preserved the claim for appeal, then I might be inclined to agree with my colleagues' otherwise well-reasoned opinion. But, defense counsel did not, and we are not tasked with considering whether that failure was ineffective assistance of counsel.

Rather, we are tasked with considering whether, under the plain-error standard of review, the prosecutor's comment in favor of a high-guidelines sentence rose to the level of a due-process violation that affected defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Defendant has the burden of proving prejudice, i.e., "the error affected the outcome of the lower court proceedings." *Id*. at 763. Because defendant bargained for and received a sentence within the properly scored sentencing-guidelines range, his sentence was a reasonable one. Cf. *People v Carpenter*, 322 Mich App 523, 532; 912 NW2d 579 (2018) (explaining that an appellate court can review for reasonableness a departure sentence, but cannot similarly review a properly scored guidelines sentence). And, because the trial judge made quite clear on the record why he believed a minimum sentence of 25 years of imprisonment was the appropriate sentence regardless of (i) the prosecutor's comment about an alleged other killing or (ii) even the guidelines range itself, defendant has not, in my opinion, demonstrated prejudice sufficient to warrant vacating his sentence and remanding to a new judge.

Just as a prosecutor's comments should not save a departure sentence when a trial judge fails to provide a sufficient explanation, see *People v Malone*, unpublished per curiam opinion of

the Court of Appeals, issued January 17, 2019 (Docket No. 333852), (SWARTZLE, J., dissenting) at 2, a prosecutor's comments should not undermine a within-guidelines sentence when a trial judge provides a sufficient explanation, at least under our plain-error standard of review.

For these reasons, I respectfully dissent.

/s/ Brock A. Swartzle