*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MIGUEL AGUILAR-SOTO,

        Defendant-Appellant.

UNPUBLISHED
January 21, 2021

No. 349822
Montcalm Circuit Court
LC No. 2018-024692-FH

Before: REDFORD, P.J., and MARKEY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree home invasion, MCL 750.110a(2); felonious assault, MCL 750.82; and domestic violence, MCL 750.81(2). The trial court sentenced defendant to 45 months to 20 years' imprisonment for first-degree home invasion, 18 months to 4 years' imprisonment for the felonious assault, and 93 days for domestic violence. We affirm.

## I. FACTUAL BACKGROUND

Defendant and his wife, Chelsea Hunter, separated. A domestic violence incident between defendant and Hunter resulted in a no-contact order prohibiting defendant from the marital home and having contact with Hunter. On the night of October 7, 2018, Hunter and her friend, Fernando Flores, returned to the home after attending an event, entered the kitchen, and defendant barged in through the back door. Hunter ordered defendant to leave and told Flores to go to avoid a fight. Flores left. Hunter attempted to escape and to call the police but defendant forcibly prevented her. Hunter and defendant struggled on the back porch and then defendant put her in a car, drove around, and restrained Hunter by holding her by her hair. At one point, Hunter managed to grab the car keys and threw them. Defendant took her from the car and made her look for the keys. She broke away and ran from defendant until he caught her, grabbed her by her hair, dragged and hit her. Defendant found the car keys and Hunter feigned reconciliation to deescalate defendant's anger. They drove around and did not return to the home because Flores had alerted the police and defendant saw police in the vicinity when they approached the area. Defendant continued driving until he stopped at a fast-food restaurant and went to use the bathroom which gave Hunter

-1-

an opportunity to drive off. Hunter sustained bruises on her arms, legs, back and face, as well as cuts and other minor injuries.

The prosecution charged defendant with six counts stemming from the incident. A jury convicted defendant of three offenses: first-degree home invasion, felonious assault, and domestic violence, but acquitted him of the other three.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred when it assessed points for Offense Variables (OV) 3 and 10. Defendant also argues that trial counsel provided ineffective assistance by not objecting to an alleged mathematical error that defendant claims placed him in a higher OV level resulting in an incorrect higher minimum sentencing guidelines range. Defendant filed a Standard 4 Brief, in which he argues that charging him with two counts of first-degree home invasion violated the Double Jeopardy Clause.

## A. OFFENSE VARIABLE SCORING

At the sentencing hearing, defense counsel objected to the scoring of several OVs, including OV 3 and OV 10. Defense counsel argued that the only evidence of injuries stemmed from defendant's misdemeanor domestic violence conviction and not defendant's felony convictions. Defense counsel emphasized that the domestic violence conviction was not the sentencing offense. The prosecution rebutted the argument by relying on photographs that depicted the injuries Hunter sustained as a result of "the process of the entire criminal activity." The trial court assessed five points under OV 3 because it concluded that sufficient evidence established that Hunter was injured. Defense counsel also objected to a potential assessment of OV 10 on the ground that no evidence established that defendant exploited Flores as a vulnerable victim. As to OV 10, the trial court stated that it struggled reaching a determination. The trial court expressed concern that Hunter may not have qualified as a victim of defendant's home-invasion conviction because the felony information only referred to Flores on the relevant charge, and "Flores does not have a relationship that would be scoreable under OV 10." Ultimately, however, the trial court assessed 10 points under OV 10.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. Although the sentencing guidelines range is advisory, the trial court must accurately calculate the applicable range and take it into account in determining a defendant's sentence. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015).

"A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). "[I]f the defendant's sentence is within the recommended

guidelines range, resentencing is not required unless there is a scoring error that changes the guidelines range or the trial court relied on inaccurate information in sentencing the defendant." *People v Carpenter*, 322 Mich App 523, 532; 912 NW2d 579 (2018).

Defendant argues that Hunter was not a victim of physical injury during the commission of the home invasion sentencing offense, and therefore, the trial court improperly assessed points for OVs 3 and 10, contrary to *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), and its progeny. We disagree.

Although our state's sentencing guidelines are advisory only, a trial court must consult the guidelines and take them into account when sentencing. *Lockridge*, 498 Mich at 391. A criminal defendant is sentenced on his or her "sentencing offense" which is the highest-class crime of which the defendant was convicted. MCL 771.14(2)(e)(*iii*); *People v Mack*, 265 Mich App 122, 126-128; 695 NW2d 342 (2005). In *McGraw*, 484 Mich at 122, our Supreme Court explained that, generally, offense variables under the advisory sentencing guidelines are offense-specific and that when scoring these variables, a court may only consider conduct committed during the sentencing offense. The *McGraw* Court rejected a broader "transactional approach" that would have allowed a trial court to consider a defendant's entire criminal transaction when determining sentencing. *Id*. at 124-126. In this case, defendant's sentencing offense was first-degree home invasion. See MCL 771.14(2)(e)(*iii*); see also *Mack*, 265 Mich App at 126-128. The question before us, according to the parties, is simply whether Hunter constituted a victim of physical injury during the commission of that offense.

OV 3 addresses physical injury to a victim. MCL 777.33(1); *People v Laidler*, 491 Mich 339, 343; 817 NW2d 517 (2012). OV 3 is an offense-specific variable. *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016). Yet, both our Supreme Court and this Court have explained that, under OV 3, "a victim" is "*any person* harmed by the criminal actions of the defendant . . . ." *Laidler*, 491 Mich at 349 n 6; *People v Fawaz*, 299 Mich App 55, 61; 829 NW2d 259 (2012). "[A] victim" need not be only the victim of the charged offense. *Fawaz*, 299 Mich App at 61.

In this case, the trial court properly assessed five points under OV 3. Again, all persons harmed by a defendant's criminal actions are "victims" for purposes of OV 3. *Laidler*, 491 Mich at 349 n 6. The evidence established that defendant unlawfully entered Hunter's home. Hunter testified that in the kitchen defendant grabbed her by the hair and by the arm. The Presentence Investigation Report (PSIR) reported that Hunter "had numerous bruises on her arms, legs, back and face as well as cuts on her knee cap" when police interviewed her on the day of the incident. Hunter testified about her injuries which defendant began inflicting inside the home during his commission of home invasion. The prosecution presented photographs that depicted these injuries. Evidence established that the injuries were caused by defendant assaulting her. The trial court, therefore, could reasonably conclude based upon a preponderance of the evidence that Hunter suffered injury in relation to defendant's commission of the sentencing offense. See *id*.; see also *Hardy*, 494 Mich at 438.

OV 10 addresses the exploitation of a vulnerable victim. MCL 777.40; *People v Lockett*, 295 Mich App 165, 183-184; 814 NW2d 295 (2012). MCL 777.40(1)(b) enumerates specific characteristics of a victim that allow a court to assess 10 points under OV 10, which includes "a

domestic relationship." Relevant to this appeal, we have held that a "domestic relationship" ordinarily means a familial or cohabiting relationship. *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011).

In this case, the trial court properly assessed 10 points under OV 10. As discussed, defendant victimized Hunter during his commission of the sentencing offense. See *People v Huston*, 489 Mich 451, 463; 802 NW2d 261 (2011) (explaining that a victim is "a person who suffers from a destructive or injurious action" during a discussion of OV 10). Because defendant and Hunter were married a "domestic relationship" existed. See *Jamison*, 292 Mich App 447. Therefore, the trial court properly assessed 10 points under OV 10.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel provided ineffective assistance because he did not notice that the trial court made a mathematical mistake that affected defendant's sentencing guidelines range. We disagree.

Under Michigan law, effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). Defendant bears the burden of establishing that defense counsel provided ineffective assistance by showing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citations omitted). Further, defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

The sentencing transcript and the PSIR reveal that the trial court correctly calculated defendant's OV score at 40 points. Although during the sentencing hearing the trial court did a preliminary OV calculation of 50 points, the trial court later ruled on defendant's objection related to OV 4 and properly recalculated. Under Michigan law, defense counsel was "not required to make a meritless motion or a futile objection." *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003). Defendant, therefore, has failed to establish that counsel's performance fell below an objective standard of reasonableness. See *Trakhtenberg*, 493 Mich at 51.

## C. DOUBLE JEOPARDY

In his Standard 4 Brief, defendant argues that his rights against twice being put in jeopardy for the same offense were violated by being charged with two counts of first-degree home invasion. He also appears to argue that his convictions of first-degree home invasion and felonious assault violated the constitutional prohibition against double jeopardy. We disagree.

A preserved claim of double jeopardy presents a question of law that this Court reviews de novo. *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001). To preserve a double jeopardy issue for appellate review, a defendant must raise the issue at trial. *People v Wilson*, 242 Mich App 350, 359-360; 619 NW2d 413 (2000). Because defendant did not object below, this issue is unpreserved. See *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005). We review

unpreserved claims of constitutional error for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764, 774; 597 NW2d 130 (1999). "Reversal is appropriate only if the plain error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008).

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. Const 1963, art 1, § 15, states that "[n]o person shall be subject for the same offense to be twice put in jeopardy." In *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008) (quotation marks and citations omitted), our Supreme Court explained:

> The provision affords individuals three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. The first two protections comprise the "successive prosecutions" strand of double jeopardy while the third protection comprises the "multiple punishments" strand.

In *People v Conley*, 270 Mich App 301, 311; 715 NW2d 377 (2006), this Court explained that "[w]ith regard to the protection from multiple punishments, a defendant's protected interest is in not having more punishment imposed than that intended by the Legislature." In *Conley*, this Court held that a defendant's convictions of first-degree home invasion and felonious assault did not violate the constitutional prohibition against double jeopardy because the first-degree home invasion statute clearly expresses the Legislature's intent to allow multiple punishments in that context. *Id*. at 311-312.

Defendant's argument, therefore, lacks merit because the Double Jeopardy Clauses do not protect against being charged multiple counts under the same statute. See *Ream*, 481 Mich at 227. Defendant's convictions under both the first-degree home invasion statute, MCL 750.110a(2), and the felonious assault statute, MCL 750.82, do not violate the constitutional prohibition against double jeopardy. See *Conley*, 270 Mich App at 311-312. Therefore, defendant's right against double jeopardy was not violated.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Mark T. Boonstra

-5-