*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 13, 2024
10:00 AM

Plaintiff-Appellee,

v

No. 368842
Berrien Circuit Court
LC No. 2022-003203 FH

ANDRE DAMON DURR,

Defendant-Appellant.

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of one count of malicious destruction of a building with costs greater than $1,000 but less than $20,000, MCL 750.380(3)(a), and four counts of resisting and obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve concurrent prison sentences of (1) 22 months to 30 years for the malicious destruction conviction, and (2) 14 months to 15 years for each of the resisting and obstructing convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2022, defendant was incarcerated in the Berrien County Jail. On October 4, 2022, while housed in a cell in the jail's receiving area following an altercation with other inmates, defendant became agitated, repeatedly struck his cell's glass window with a fiberglass plastic tote, and eventually broke the window. Four Berrien County Jail officers responded. The officers pepper-sprayed defendant when he refused to be handcuffed and escorted him to a different cell. Defendant eventually cooperated in leaving his former cell, but upon arriving in the new cell, he again refused to cooperate with the officers seeking to remove his handcuffs. Defendant was pepper-sprayed again and brought to the ground as officers attempted to remove his handcuffs. Defendant physically resisted, and the key to his handcuffs broke while inside the lock. As a result, the officers had to use bolt cutters to remove the handcuffs.

Defendant was convicted and sentenced as described. This appeal followed. On appeal, defendant challenges only the trial court's assessment of 25 points for Offense Variable (OV) 19

-1-

when calculating defendant's recommended minimum sentence range under the sentencing guidelines.

## II. STANDARD OF REVIEW

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [MCR 6.429(C); see also MCL 769.34(10).]

"[A]n objection on one ground is insufficient to preserve an appellate argument based on a different ground." *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011).

At sentencing, defendant argued that his conduct did not rise to the level of a threat to the security of a penal institution. The trial court disagreed and assessed 25 points for OV 19. Defendant did not argue that the jail or the jail receiving area did not qualify as a penal institution under OV 19. On appeal, defendant now argues that a jail is not a penal institution and that defendant's lack of conviction while being housed in the jail's receiving area makes OV 19 inapplicable to him. Because defendant's objection in the trial court to the scoring of OV 19 was on different grounds than what he now asserts on appeal, this issue is not preserved. See *id*.

We review unpreserved claims in criminal cases for plain error. *People v Carines*, 460 Mich 750, 761-763; 597 NW2d 130 (1999). "[U]nder the plain error rule, three requirements must be met: 1) [the] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

## III. ANALYSIS

"Offense variable 19 is a threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. To assess 25 points for OV 19, "a court must find (1) that the defendant engaged in some conduct and (2) that the conduct threatened the security" of a penal institution or court. *People v Dixon*, 509 Mich 170, 177; 983 NW2d 385 (2022). See MCL 777.49(a). Points may be assessed under OV 19 for conduct that occurs after the charged offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

Defendant's actions satisfy the first requirement—that he engaged in some conduct—because he broke his cell window, refused to cooperate with the officer's orders, and resisted the officers when they sought to remove his handcuffs. Defendant's conduct also satisfies the second requirement—threatening the security of the jail—because he damaged a cell door, his physical resistance to officers could have injured them, and his conduct took the officers away from their duties, leaving other areas of the jail with less supervision.

Defendant does not dispute these facts, but rather contends that the jail was not a penal institution for OV 19 purposes. Defendant also argues that, even if a jail is a penal institution

generally, the fact that his conduct occurred in the jail's receiving area means that it did not occur in a penal institution. We disagree.

Generally, a jail is penal institution for the purposes of OV 19. The Michigan Legislature has defined a jail as "a facility that is operated by a local unit of government for the detention of persons charged with, or convicted of, criminal offenses or ordinance violations, or persons found guilty of civil or criminal contempt." MCL 750.197(4). See also MCL 791.262(1)(c). *Black's Law Dictionary* (12th ed) defines "penal institution" as a prison, and defines "jail" as a prison, "especially a local government's detention center where persons awaiting trial or those convicted of misdemeanors are confined." Additionally, this Court has upheld the application of OV 19 to conduct in jails. See e.g., *People v Carpenter*, 322 Mich App 523, 530; 912 NW2d 579 (2018). Therefore, to the extent defendant argues that the Berrien County Jail was not a penal institution under OV 19, his argument lacks merit.

Defendant also argues that, because he was located in the jail's receiving area, which is primarily used to temporarily house incoming inmates rather than provide long-term housing for inmates serving jail sentences, his conduct did not occur in a penal institution. We disagree. There is no statutory support for the proposition that only certain portions of a jail facility qualify as a penal institution. See MCL 750.197(4); MCL 791.262(1)(c). "[T]he statutory term 'local jail' was meant to encompass any facility operated by a unit of local government for the physical detention of persons charged with or convicted of a criminal offense." *Young v Ann Arbor*, 119 Mich App 512, 517; 326 NW2d 547 (1982), overruled in part on other grounds by *York v Detroit*, 438 Mich 744 (1991). Because the jail's receiving area was part of a facility operated by Berrien County to physically detain charged or convicted inmates, the receiving area is part of a penal institution for the purposes of OV 19.

In any event, OV 19 specifies that a defendant's conduct must threaten a penal institution's security, not that the conduct must take place within a penal institution. MCL 777.49(a); see *Carpenter*, 322 Mich App at 530. Because defendant's conduct threatened to injure several jail officers and required several officers to respond, thereby leaving the rest of the jail with less supervision, defendant's conduct threatened the entirety of the jail's security. Accordingly, even if the jail's receiving area were somehow carved out from the penal institution encompassing it, defendant's conduct would still satisfy the requirements for assessing 25 points under OV 19. Defendant has not shown that the trial court erred, plainly or otherwise, in making this assessment. *Carines*, 460 Mich at 763.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron

-3-